UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VINCE YIP, et al., Individually and On Behalf of
All Others Similarly Situated,

                    Plaintiffs,

       - against -

CONCORDIA INTERNATIONAL CORP., et al.,

                    Defendants.
------------------------------------------------------------x



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/27/18

16 Civ. 6467 (RMB)

**ORDER DENYING**
**CLASS CERTIFICATION**

Having reviewed the record herein, including without limitation: **(1)** Plaintiffs' Amended Complaint, dated Dec. 8, 2016 (hereafter "Amended Complaint"), which alleges violations of federal securities laws by Concordia International Corporation ("Concordia") and individual Concordia executives (collectively, "Defendants"), and was filed on behalf of all persons and entities that acquired Concordia securities on U.S. Exchanges or in U.S. transactions between May 13, 2016 and August 12, 2016. Amended Complaint ¶ 1. The Amended Complaint alleges that on May 13, 2016, Defendants misrepresented Concordia's sales force "push" to market the drug Donnatal by failing to disclose that on the same day that Defendants "touted" Concordia's 175 person Donnatal sales team, Defendants had fired 75-80 Donnatal sales persons. Id. ¶¶ 9, 36; **(2)** the parties' class certification briefing, included, among numerous other submissions,[1]

---

[1] See Oral Argument Tr. at 1:2-7 ("I should say that, in my experience, you all have set the record for written submissions. We count 30 altogether. And we read them, but, you know, they're not in conformity with my rules, and I don't think there was ever any permission sought for these additional submissions."); see also **(i)** Plaintiffs' Memorandum of Law in Support of the Motion for Class Certification, dated February 7, 2018 ("Memorandum"); **(ii)** Defendants' Opposition, dated March 12, 2018 ("Opposition"); **(iii)** Plaintiffs' Reply, dated March 21, 2018 ("Reply"); **(iv)** Plaintiffs' Memorandum of Law in Support of the Motion to Substitute Vince S. Yip as Lead Plaintiff, dated February 7, 2018 ("Substitution Memorandum"); **(v)** Plaintiffs' Reply Memorandum in Support of the Motion to Substitute Vince S. Yip as Lead Plaintiff, dated March 21, 2018 ("Substitution Reply"); **(vi)** the Declaration of Adam Werner,

1

Plaintiffs' Memorandum in Support of (their) Motion for Class Certification, dated Feb. 7, 2018

("Memorandum"); Defendants' Opposition to Plaintiffs' Motion to Certify Class, dated March

12, 2018 ("Opposition"); and Plaintiffs' Reply Memorandum In Further Support of Motion for

Class Certification, dated March 21, 2018 ("Reply"); **(3)** the transcript of extensive oral

argument of Plaintiffs' motion for class certification held on June 28, 2018, Transcript of Oral

Argument, dated June 28, 2018; and **(4)** Plaintiffs' letters, dated July 3, 2018 and July 18, 2018,

which sought permission to file additional transcript segments from the June 28, 2018 deposition

of Defendant Edward Borkowksi, Concordia's former Chief Financial Officer, see Letter, dated

---

Plaintiffs' expert, dated February 7, 2018 ("First Werner Report"); **(vii)** the Transcript of the Deposition of Adam Werner on March 1, 2018 ("First Werner Deposition"); **(viii)** the Declaration of Lucy P. Allen, Defendants' expert, filed March 12, 2018 (undated) ("First Allen Report"); **(ix)** the Transcript of the Deposition of Lucy P. Allen on March 16, 2018 ("Allen Deposition"); **(x)** the Declaration of Adam Werner, dated March 28, 2018 ("Second Werner Report"); **(xi)** the Declaration of Adam Werner, filed May 4, 2018 (undated) ("Third Werner Report"); **(xii)** the Transcript of the Deposition of Adam Werner on May 11, 2018 ("Second Werner Deposition"); **(xiii)** the Declaration of Lucy P. Allen, filed May 30, 2018 (undated) ("Second Allen Report"); **(xiv)** the Declaration of Jacob A. Goldberg, Plaintiffs' counsel, filed February 7, 2018 (undated), including three attached exhibits; **(xv)** the Declaration of Andrew Hoyt, a senior Concordia executive, dated March 11, 2018; **(xvi)** the Stokes Declaration including 41 attached exhibits; **(xvii)** the Declaration of Defendant Wayne Kreppner, former President and Chief Executive Officer of Concordia, dated March 12, 2018; **(xviii)** the Declaration of Deborah Gold, an investigator retained by Defendants, dated March 12, 2018, including two attached exhibits; **(xix)** the Letter from Peter A. Stokes, Defendants' counsel, dated March 13, 2018; **(xx)** the Letter from Jacob A. Goldberg, dated March 18, 2018; **(xxi)** the Declaration from Peter A. Stokes, dated March 27, 2018, including three attached exhibits; **(xxii)** the Supplement to Defendants' Opposition, dated March 28, 2018; **(xxiii)** the Declaration of Leah Heifetz-Li, Plaintiffs' counsel, dated March 28, 2018, including seven attached exhibits; **(xxiv)** the Second Supplement to Defendants' Opposition, dated April 17, 2018; **(xxv)** Plaintiffs' Notice of Supplemental Authority, dated April 23, 2018, including one attached exhibit; **(xxvi)** the Letter from Peter A. Stokes, dated April 26, 2018; **(xxvii)** Defendants' Notice of Supplemental Deposition Testimony, dated May 21, 2018; **(xxviii)** the Declaration of Peter A. Stokes, dated May 22, 2018; **(xxix)** the Supplemental Filing of Plaintiffs and Notice of Additional Authority, dated May 30, 2018, including two attached exhibits; and **(xxx)** the Deposition of Vince Yip on February 16, 2018 ("Yip Deposition").

July 3, 2018, and the July 12, 2018 deposition of Defendant Mark Thompson, Concordia's former Chief Executive officer, see Letter, dated July 18, 2018, respectively, **the Court denies Plaintiffs' motion for class certification [#83] without prejudice**, as follows:

1 – Plaintiffs' claims and legal arguments have been a "moveable feast" throughout the Court's proceedings. As a result, it has been difficult, if not impossible, to pin Plaintiffs down and, accordingly, appropriately to resolve their motion for class certification. See Amnesty Am. v. Town of W. Hartford, 288 F.3d 467, 471 (2d Cir. 2002) (noting that Federal Rule of Civil Procedure 83(b) "allow[s] [the] district court to regulate motion practice in any manner consistent with federal law and the federal rules"); Christian v. Mattel, Inc., 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice[.]"). The Amended Complaint makes clear that the Donnatal sales force and its impact is the heart of Plaintiffs' grievance. See Amended Complaint ¶ 9 ("At the beginning of the Class Period, on the very same day they touted Concordia's 175-person Donnatal sales force and the impact they expected it to have on Donnatal sales in 2016, later that day, Defendants fired Concordia's entire 75-80 person contract Donnatal sales force.").

2 – However, at oral argument on June 28, 2018, Plaintiffs' Counsel, Jacob Goldberg, raised a series of new issues. Counsel claimed for the first time that there was a "wholly separate omission that was among the major causes for the Defendants firing the [Donnatal] sales force." Oral Argument Tr. at 46:16-27. He argued that he "did not know [] until discovery" that a competitor drug to Donnatal named Viberzi, "which launched in December of 2015," was "putting severe downward pressure on [Donnatal] sales," and Concordia knew of this but did not disclose it to the market. Id. at 43:23-24. Plaintiffs' counsel conceded that "we have not pleaded this. We did not know about this until discovery." Id. at 44:23-34.

3

Second, Plaintiffs' counsel relied heavily on an argument that he had only briefly raised (one paragraph) in Plaintiffs' Reply Brief, namely, that there was also a financial guidance misrepresentation by Defendants. He contended that the enhanced Donnatal sales force announcements by Concordia were "**clearly tied**" to the Company's financial guidance. Oral Argument Tr. at 14:4-6 ("[T]he sales efforts [Concordia] had based on the . . . expanded promotion, [] they had tied directly to their [financial] guid[ance]."); see Reply, dated March 21, 2018, ("Reply"), at 9 ("[G]uidance was tied directly to their ability to increase Donnatal sales with promotional efforts[.]").

3 – Third, even after the close of oral argument on June 28, 2018, Plaintiffs continued to seek to expand the record. Plaintiffs sought to inject new arguments into their motion for class certification. First, on July 3, 2018, Plaintiffs sought to file segments of a transcript of a June 29, 2018 deposition of Defendant Borkowski, see Letter, dated July 3, 2018, contending that Borkowski's "testimony undermines Defendants' most important evidence of an absence of price impact and strongly supports this Court's granting class certification." Id. at 1. The Court denied Plaintiffs' application on July 3, 2018. Order, dated July 3, 2018. Then, and notwithstanding the Court's denial of the July 3, 2018 request, on July 18, 2018, Plaintiffs filed another (similar) letter seeking to file segments of a transcript from a July 12, 2018 deposition of Defendant Thompson. Letter, dated July 18, 2018. Plaintiffs' Counsel contended that "Thompson's testimony undermines Defendants' most important evidence of an absence of price impact and strongly supports this Court's granting class certification." Id. at 1. The Court denied Plaintiffs' application on July 18, 2018. Order, dated July 18, 2018.

4 – It appears to the Court that the fairest way (to all Plaintiffs and Defendants) to resolve class certification (and other motions which the parties may possibly pursue) is to ensure that

Plaintiffs' pleadings and motions are consistent with their arguments – and vice versa. See Sicav v. James Jun Wang, 2015 WL 268855, at *1 (S.D.N.Y. Jan. 21, 2015) (denying a motion for class certification without prejudice where "plaintiffs' submission is insufficiently rigorous," and "plaintiffs had not yet articulated a credible theory under which injury could be proven on a classwide basis [and] because fact discovery remained ongoing"); see also In re Initial Pub. Offering Sec. Litig., 483 F.3d 70, 73 (2d Cir. 2007) ("District courts have ample discretion to consider (or to decline to consider) a revised class certification motion after an initial denial"); Cruz v. Coach Stores, Inc., 202 F.3d 560, 569 (2d Cir. 2000) ("a party's failure to plead an issue it later presented must have disadvantaged its opponent in presenting its case"); Bridges v. Dep't of Maryland State Police, 441 F.3d 197, 203 (4th Cir. 2006) (affirming a district court's decision to deny a motion for class certification without prejudice); Sec. Chimneys Ltd. v. McDowell, 1992 WL 345073, at *2 (N.D.N.Y. Nov. 16, 1992), aff'd, 17 F.3d 391 (2d Cir. 1993) (where "at oral argument both parties referred to matters which were not part of the record on that motion, and several issues were also raised for the first time then, which had not been thoroughly briefed by the parties").

Accordingly, the class certification motion is denied without prejudice.

5 – The appropriate next steps will be determined at a conference on Tuesday, September 4, 2018, at 11.30 a.m.

**Order**

For the reasons stated above, Plaintiff's motion for class certification [#83] is denied without prejudice.

Dated: New York, New York

  July 27, 2018

_____RMB_____

**RICHARD M. BERMAN, U.S.D.J.**