UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW MEYER, Individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>　　v.<br><br>CONCORDIA INTERNATIONAL CORP., MARK THOMPSON, and ADRIAN DE SALDANHA,<br><br>　　Defendants. | Case No. 1:16-cv-06467 (RMB) |

## ORDER AND FINAL JUDGMENT

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/10/19
```

On the 9th day of September, 2019, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated December 20, 2018 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against the Defendants (as defined in the Stipulation), including the release of the Released Claims against the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Action with prejudice; (3) whether and in what amount to award Lead Counsel fees and reimbursement of expenses; and (4) whether and in what amount to award fees to the Claims Administrator and to award Lead Plaintiff any incentive fees; and

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing in the record that the Notice substantially in the form approved by the Court in the Court's Order Granting Lead Plaintiff's Motion for Preliminary Approval of Class Action Settlement, dated February 28, 2019 ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator, both in accordance with the Preliminary Approval Order and the specifications of the Court; and

It appearing in the record that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2. The Court has jurisdiction over the subject matter of the Action, Lead Plaintiff, all Settlement Class Members, and the Defendants.

3. The Court finds that the prerequisites for a class action settlement under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

(b) there are questions of law and fact common to the Settlement Class;

(c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class he seeks to represent;

(d) Lead Plaintiff and Lead Counsel fairly and adequately represent the interests of the Settlement Class;

(e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

    i. the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions;

    ii. the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members;

        iii.     the desirability of concentrating the litigation of these claims in this particular forum; and

        iv.     the difficulties likely to be encountered in the management of the class action.

The Settlement Class is being certified for settlement purposes only.

4.     The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all Persons (including, without limitation, their beneficiaries) who purchased or acquired Concordia International Corp. ("Concordia") securities on a United States Exchange during the period from January 6, 2016 through August 12, 2016, inclusive ("Settlement Class Period"). Excluded from the Settlement Class are all Defendants, Released Parties, and Settlement Class Members who opt-out of the Settlement, and persons who have no compensable damages. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiff is certified as the class representative on behalf of the Settlement Class ("Class Representative") and Lead Counsel previously selected by Lead Plaintiff and appointed by the Court are hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

5.     In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and

entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

6. The Settlement as modified herein is approved as fair, reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class. This Court further finds that the Settlement set forth in the Stipulation appears to be the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the Class Representative, Settlement Class Members and Defendants. The Settling Parties are directed forthwith to consummate the Settlement in accordance with the terms and provisions of the Stipulation and as modified herein.

7. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against each and all of the Defendants. The Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

8. The Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming through or on behalf of them, regardless of whether any such Releasing Party seeks or obtains by any means, including without limitation by submitting a Proof of Claim and Release Form, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

4

The Releasing Parties, if provided by applicable law, shall be barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim against any of the Released Parties. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of the Stipulation or this Order and Final Judgment.

9. Nothing in the Stipulation or this Order and Final Judgment is intended to bar any good faith claim for insurance coverage by any Defendant.

10. The Court hereby finds, based upon the representations of counsel to the parties, that the proposed Plan of Allocation appears to be a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation forthwith in accordance with its terms and the terms of the Stipulation and as modified herein.

11. The Court finds that all Settling Parties and their counsel appear to have complied with the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995.

12. Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Stipulation and/or further order of the Court.

13. Without affecting the finality of this Order and Judgment in any way, this Court may retain continuing jurisdiction over the Settling Parties and the Settlement Class Members for matters relating to the Action and the Settlement, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

14. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Class Counsel's application for an award of attorneys' fees and expenses, an award of Claims Administrator fees and expenses, or any award to the Class Representative.

15. Class Counsel has requested $2,775,000 in attorneys' fees which amounts to 30% of the $9.25 million Settlement Fund. Pursuant to the factors set forth in Goldberger v. Integrated Res., 209 F.3d 43 (2d Cir. 2000), the Court awards Class Counsel 20% of the Settlement Fund, or $1,850,000. See Hall v. Children's Place Retail Stores, Inc., 669 F. Supp. 2d 399, 405 (S.D.N.Y. 2009) (awarding fees of 15% of the settlement fund where the request was for 27%); In re Top Tankers, Inc. Sec. Litig., 2008 WL 2944620, at *16 (S.D.N.Y. July 31, 2008) (awarding fees of 10% of the settlement fund where the request was for 25%); In re NTL Inc. Sec. Litig., 2007 WL 1294377, at *8 (S.D.N.Y. May 2, 2007) (awarding fees of 15% of the settlement fund where the request was for 20%); In re Dreyfus Aggressive Growth Mut. Fund Litig., 2001 WL 709262, at *6 (S.D.N.Y. June 22, 2001) (awarding fees of 15% of the settlement fund where the request was for 30%); see also In re Arakis Energy Corp. Sec. Litig., 2001 WL 1590512, at *9 (E.D.N.Y. Oct. 31, 2001) ("[T]he trend within this circuit after Goldberger has been to award attorneys' fees in amounts considerably[] less than 30% of common funds in securities class actions, even where there is a substantial contingency risk."

The Goldberger factors dictate a fee award lower than the fees requested. For the first factor, "the time and labor expended by counsel," Class Counsel represents that it worked 6,244.55 hours on this case. See Dkt. 194, Declaration of Jacob A. Goldberg on Behalf of the Rosen Law Firm, P.A. Concerning Attorneys' Fees and Expenses, dated April 26, 2019 ("Goldberg Fee Dec."). The hours spent by Class Counsel appear to be higher than necessary because, in part, of redundant filings, motions, and expert reports in connection with Plaintiffs' motion for class certification. See Dkt. 160, Decision & Order, dated July 27, 2018, at 1 n.1. In the Court's Decision & Order denying class

6

certification, dated July 27, 2018, the Court enumerated no less than thirty (30) written submissions the parties filed in connection with Plaintiffs' class certification motion. Id. On June 25, 2018, the Court stated to the parties that "because the parties' written submissions are so voluminous (unprecedented really), the Court would be willing and able to resolves class certification by hearing on the papers." Order, dated June 25, 2018. The parties sought oral argument and on on June 28, 2018, the Court advised that "in my experience, you all have set the record for written submissions. We count 30 altogether. And we read them, but you know, they're not in conformity with my rules and I don't think there was ever any permission sought for these additional submission." Oral Argument Transcript, dated June 28, 2018, at 1:2-7. Notwithstanding the Court's warnings, the parties continued to file untimely, unnecessary and irrelevant applications. See, e.g., Dkt. 151, Memo Endorsement, dated June 29, 2018; Dkt. 153, Memo Endorsement, dated July 3, 2018, at 4.

Moreover, the Court's review of Class Counsel's time sheets indicates that a fee reduction is warranted also because a disproportionate amount of the hours worked by Class Counsel were by a partner, Jacob A. Goldberg, charging $850 per hour, and an associate, Gonen Haklay, charging $750 per hour. Goldberg Fee Decl. ¶ 4; see Beech Cinema, Inc. v. Twentieth Century Fox Film Corp., 480 F. Supp. 1195, 1197 (S.D.N.Y. 1979) (where "there was a disproportionate ratio of partners' time to associates' time"). Together, Mr. Goldberg and Mr. Haklay worked nearly 2,000 hours on this case. Six other associates assigned to the case – all billing at less than $750 – worked fewer than 1,000 hours. Goldberg Fee Decl. ¶ 4. "Plaintiff's request is made even more problematic by the fact that the timesheets indicate that tasks were performed by individuals more qualified, and therefore more highly compensated, than necessary." See Tlacoapa v. Carregal, 386 F. Supp. 2d 362, 372 (S.D.N.Y. 2005). For example, Goldberg's and Haklay's entries include time spent drafting the Complaint, reviewing

7

and drafting discovery requests, legal research for the class certification motion, drafting subpoenas, legal research on an anticipated summary judgment motion, and researching and drafting pre-letter motions. While the Court recognizes that in some situations a senior attorney may not have the capacity to delegate tasks to younger associates, that does not appear to have been a problem here. Shannon v. Fireman's Fund Ins. Co., 156 F. Supp. 2d 279, 301–02 (S.D.N.Y. 2001); see Beech Cinema, Inc., 480 F. Supp. at 1197 ("Many of the functions performed by the partners could have been satisfactorily accomplished by associates, with a considerable saving in fees."). Moreover, some of the time entries are too imprecise and vague for meaningful review, including, among other things, billings for "Confer, RE: case"; "Review/analyze documents"; and "courtesy copies." See Schruefer v. Winthorpe Grant, Inc., 2003 U.S. Dist. LEXIS 11179, at *11 (S.D.N.Y. July 2, 2003) (reducing attorneys' fees for imprecise and vague time entries such as "various phone conferences"; "review file"; "legal research"; and "case administration").

The second factor—"the magnitude and complexities of the litigation"— also supports a lower counsel's fee. This case is not distinguished appreciably from many other securities fraud cases which were themselves not unique or novel. See In re Elan Sec. Litig., 385 F. Supp. 2d 363, 374 (S.D.N.Y. 2005) (reducing fee award from 20% to 12% where "the factual and legal issues were not exceptionally novel"); In re KeySpan Corp. Sec. Litig., 2005 WL 3093399, at *9 (reducing fee award from 33-1/3% to 20% where "the issues . . . were not so novel or complex as to distinguish this case from the typical securities action"). In this case, counsel submitted one relatively routine motion to dismiss and a straightforward motion for class certification (which was denied). These tasks constitute the "general hurdles" of litigation and do not justify Class Counsel's request for fees of 30%. See Goldberger, 209 F.3d at 54 (where "counsel point[ed] to . . . general hurdles—such as the defenses available to defendants, including lack of scienter---that they overcame in achieving a settlement").

8

The third factor—the risks of the litigation—also supports a fee award of less than 30% of the Settlement Fund. There is generally only a very small risk of non-recovery in securities class litigation. In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig., 2007 WL 313474, at *16 (S.D.N.Y. Feb. 1, 2007).

The fourth Goldberger factor—"the quality of representation"—was acceptable and expected. "Courts should not necessarily award an increased fee where counsel simply displays the general level of skill expected." Beane v. Bank of N.Y. Mellon, 2009 WL 874046, at *8 (S.D.N.Y. Mar. 31, 2009).

With respect to the fifth Goldberger factor—"the requested fee in relation to the settlement"—the Court finds that a 20% fee is appropriate in these circumstances where the settlement amount was $9.25 million. As noted, there appears to be a trend in this district toward counsel fee awards lower than 30%. See Top Tankers, 2008 WL 2944620, at *16 (10%); NTL, 2007 WL 1294377, at *8 (15%); Elan, 385 F. Supp. 2d at 375 (12%); Dreyfus, 2001 WL 709262, at *6 (15%).

The sixth factor—"public policy considerations"—supports the Court's fee award because "[t]he Court does not believe that an exceedingly high rate of compensation is required to encourage plaintiffs' counsel to bring [relatively routine] securities class actions." See Merrill Lynch, 2007 WL 313474, at *21 (S.D.N.Y. Feb. 1, 2007) (reducing counsels' fee request by 5.5%); see also Goldberger, 209 F.3d at 57 (affirming award of 4% of the settlement fund because of, among other reasons, "[the Court's] longstanding concern for moderation[] . . . [which] [wa]s amplified by [its] nagging suspicion that attorneys in [securities class action] cases are routinely overcompensated for such things as contingency risk").

The Second Circuit Court of Appeals "encourage[s] the practice of requiring documentation of hours as a 'cross check' on the reasonableness of the requested percentage." Carlson v. Xerox Corp., 355 F. App'x 523, 526 (2d Cir. 2009). This is known as a "lodestar cross check." Id. In this case, the lodestar amount is $3,136,275.00, which results in a "negative" lodestar multiplier of .88. A negative multiplier may be appropriate because, "without the negative multiplier, the[] lodestar amount would swallow up a

9

significant amount of the settlement fund." NTL, 2007 WL 1294377, at *8.

For the reasons stated herein, the Court awards Class Counsel attorneys' fees of $1,850,000, or 20% of the Settlement Fund.

16. **Expenses.** Class Counsel has requested $361,538.37 in expenses. The Court awards Class Counsel $241,025.58 for expenses, a 33% reduction of their requested fees. See, e.g., Nike, Inc. v. Top Brand Co., 2006 WL 2884437 (S.D.N.Y. Oct. 6, 2006) (reducing requested expenses by 25% to correspond with a reduction in requested attorneys' fees). Among other things, Class Counsel's over-litigating of this case also inflated the expenses they incurred, including principally those associated with their retained expert's three declarations and two depositions and numerous written submission related to the expert's work. Goldberg Fee Decl. ¶ 8 (showing expert fees totaling $218,212.41 or approximately 60% of Class Counsels' total requested fees.).

17. **Lead Plaintiff Award.** The Court does not approve Class Counsel's request for a $5,000 award to Lead Plaintiff Yip because (1) Yip's payout under the Plan of Allocation appears adequate to compensate him as a class member; and (2) Yip's time and effort serving as Lead Plaintiff in this case was minimal, i.e., it was limited to approximately six months between his appointment as class representative -- following the withdrawal of former Lead Plaintiffs Tony Bernardo and Brian Boothby -- and the parties' settlement (May 23, 2018 to November 5, 2018). See In re Stock Exch.'s Options Trading Antitrust Litig., 2006 WL 3498590, at *13 (S.D.N.Y. Dec. 4, 2006) ("[T]he Court finds the $5,000 completely unreasonable. If these Plaintiffs provided a service at all, it certainly wasn't worth $5,000 each."); In re AMF Bowling Sec. Litig., 334 F. Supp. 2d 462, 470 (S.D.N.Y.2004) (denying $3,000 award and observing that "Congress did not want lead plaintiffs to gain a benefit in any respect, except as a member of the class they represented"); see also Silberblatt v. Morgan Stanley, 524 F. Supp. 2d 425, 435 (S.D.N.Y. 2007) ("Payments to class representatives, while not foreclosed, should be closely scrutinized.").

Moreover, as in In re KeySpan Corp. Sec. Litig., Class Counsel "fail[s] to provide any basis for determining what reasonable costs and expenses were incurred [by Yip]. Counsel have not shown how the time expended by the . . . Lead Plaintiff[] resulted in actual losses, whether in the form of diminishment in wages, lost sales commissions, missed business opportunities, use of leave or vacation time or actual expenses incurred." See 2005 WL 3093399, at *21 (E.D.N.Y. Sept. 30, 2005).

18. **Claims Administrator.** At the Fairness Hearing held on September 9, 2019, Class Counsel indicated that the Claims Administrator's fee will be limited to $125,000. See Transcript, dated Sept. 9, 2019, at 8. The Claims Administrator is hereby directed to submit to the Court documentation of all of its fees and expenses to date, and also any estimated expenses going forward, as well as any payments it may have already received in connection with this action, five (5) days from the date of entry of this Order.

The Claims Administrator shall have forty-five (45) days from the date of entry of this Order to distribute the Settlement Fund to Settlement Class Members. Class Counsel shall provide the Court with a written update as to the status of payments fifty-five (55) days from the date of entry of this Order.

19. No attorneys' fees or expenses or Claims Administrator fees or expenses are to be paid until at least 80% of the Settlement Fund has been distributed (i.e., checks have been mailed) to the Class.

20. In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order and Final Judgment amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed prior to November 5, 2018, pursuant to the terms of the Stipulation.

Date: September 10, 2019

                                                         /s/ RMB
                                                         HON. RICHARD M. BERMAN
                                                         UNITED STATES DISTRICT
                                                         JUDGE

# EXHIBIT A

Pursuant to Paragraph 5 of this Order and Final Judgment, the following person has timely requested exclusion from the Class and is not, therefore, bound by this Order and Final Judgment:

Richard Siegenfeld, M.D.

EXHIBIT A

Richard Siegenfeld, M.D.



Concordia International Corp. Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

RE: Request to be excluded from settlement

May 6, 2019

To whom it may concern:

I, Richard Siegenfeld, **request to be excluded** from the Settlement Class in Meyer v. Concordia International Corp., et al., 1:16-cv-06467 (S.D.N.Y.).

I reside at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ My other contact information is:

On 05/02/2016 I purchased 6,124 shares at $27.0840/share as documented on page 4 of my 6/1/16-6/30/16 statement. There were no transactions since as documented on page 4 of my 8/1/16-8/30/16 statement. A copy of each statement accompanies this letter.

Please acknowledge in writing receipt of this letter and any other information required such that I have reasonable time to respond to any additional information requested prior to your deadline.

Richard Siegenfeld          5/6/19